UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**DARRYL STEVENSON** )
 )
**v.** ) NO. 3:10-0053
 ) JUDGE ECHOLS
**JEFF LONG, ET AL.** )

### O R D E R

The Court is in receipt of two letters from Darryl Stevenson (Docket Entry Nos. 34, 35), who is indigent, which the Court will construe as a motion for appointment of counsel.

Appointment of counsel in a civil case is not a constitutional right, and there is no duty to appoint counsel to represent an indigent plaintiff in a civil action. Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003); Willit v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Furthermore, although the Court has discretion in deciding whether to appoint counsel in such cases, it is well settled that appointment should be allowed only in exceptional cases. Lanier, supra; Lavado v. Keohane, 993 F.2d 601, 604-06 (6th Cir. 1993). Such exceptional circumstances do not exist in this case at this time, and the denial of counsel will not result in any fundamental unfairness to the plaintiff. Plaintiff has been able to present his claims and even filed an amended complaint. His claims were found to not be facially frivolous, a scheduling order has been entered, and a trial date set. There has been no showing

that counsel is necessary to present meritorious issues to the court. See Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982). Therefore, the Motion for Appointment of Counsel is hereby DENIED.

    IT IS SO ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE