```
               UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF TENNESSEE
                    NASHVILLE DIVISION
```

DARRYL STEVENSON,                )
                                 )
        Plaintiff,                )   Case No. 3:10-0053
                                 )   Judge Trauger/Bryant
     v.                           )   **Jury Demand**
                                 )
JEFF LONG and SOUTHERN HEALTH    )
PARTNERS,                        )
                                 )
        Defendants.              )

**TO: The Honorable Aleta A. Trauger**

## REPORT AND RECOMMENDATION

Defendant Southern Health Partners has filed its motion to dismiss plaintiff's medical malpractice claim based upon plaintiff's failure to comply with the presuit notice requirement contained in Tennessee Code Annotated § 29-26-121 ((Docket Entry No. 57). Plaintiff has filed a response in opposition (Docket Entry No. 59). Defendant Southern Health Partners has also filed its motion for summary judgment (Docket Entry No. 73), to which plaintiff has responded in opposition (Docket Entry No. 76).

Defendant Jeff Long, sued in his official capacity as Sheriff of Williamson County, has filed his motion for summary judgment (Docket Entry No. 60) to which plaintiff has filed a response (Docket Entry No. 71). Defendant Long has filed a reply (Docket Entry No. 75).

For the reasons stated below, the undersigned Magistrate Judge recommends that all three motions filed by defendants be

granted, and that the complaint, as amended, be dismissed with prejudice.

### Statement of the Case

Plaintiff Darryl Stevenson, who is proceeding pro se and in forma pauperis, filed his complaint pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights through their deliberate indifference to his serious medical needs while he was confined at the Williamson County Jail in Franklin, Tennessee. Plaintiff also seeks to assert a state law claim for medical malpractice (Docket Entry No. 44). Defendant Long is sued in his official capacity as Sheriff of Williamson County. Defendant Southern Health Partners provides health care to inmates under the terms of a contract with Williamson County.

Defendants filed answers denying liability (Docket Entry Nos. 20 and 24), and thereafter filed the above-referenced motions.

### Summary of Pertinent Facts

From a synthesis of plaintiff's original and amended complaints (Docket Entry Nos. 1, 11 and 44), the undersigned Magistrate Judge has distilled the following claims. Plaintiff Stevenson asserts that he was diagnosed several years ago with human immunodeficiency virus ("HIV") infection, and that this condition has caused him to develop neuropathy in his lower extremities. This neuropathy has caused numbness and loss of

2

feeling in his legs and feet. Plaintiff alleges that upon his arrival at the Williamson County Jail in September 2009, he informed the nursing staff of this condition and signed a requested release of medical information upon arrival. After being assigned to a top bunk, plaintiff allegedly informed jail employees that he should have been assigned a lower bunk as a result of his neuropathy. Jail officials in response notified plaintiff that his neuropathy did not require placement in a lower bunk according to prevailing jail protocols.

In his original complaint filed November 16, 2009, plaintiff alleges that he has been in the Williamson County Jail "in excess of three months without being evaluated by a competent medical professional." He asserts that a proper medical evaluation would have revealed that he should be prescribed a special orthopedic shoe and that the medical personnel at the jail had not followed orders previously prescribed for him at other institutions, including assignment to a lower bunk.

### **Standard of Review**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(a); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been

3

met. See Martin v. Kelley, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Covington, 205 F.3d at 914 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment may be entered if appropriate. Fed.R.Civ.P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## Analysis

<u>Plaintiff's § 1983 claim</u>. To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of rights

4

secured by the Constitution or the laws of the United States by a person acting under color of state law. Black v. Barberton Citizens Hosp., 134 F.3d 1265, 1267 (6th Cir. 1998). Inmates seeking to show an Eighth Amendment violation resulting from inadequate medical care must prove that the defendants acted with "deliberate indifference" regarding an imminent risk of serious harm to the inmate. Farmer v. Brennan, 511 U.S. 825, 837 (1994). In addition, claims of deliberate indifference require "a showing of objective and subjective components." Phillips v. Roane County, 534 F.3d 531, 539 (6th Cir. 2008). The objective component of the test requires a plaintiff to demonstrate "a 'sufficiently serious' medical need such that [the plaintiff] is 'incarcerated under conditions posing a substantial risk of serious harm.'" Ford v. County of Grand Traverse, 535 F.3d 483, 495 (6th Cir. 2008) (quoting Blackmore v. Kalamazoo County, 390 F.3d 890, 895 (6th Cir. 2004)). The subjective component requires a showing that prison officials acted with "'a sufficiently culpable state of mind in denying medical care'," i.e., "a degree of culpability greater than mere negligence, but less than 'acts or omissions for the very purpose of causing harm or with knowledge that harm will result'." Miller v. Calhoun County, 408 F.3d 803, 813 (6th Cir. 2005) (quoting Farmer, 511 U.S. at 834-35.

Plaintiff Stevenson alleges that defendants were deliberately indifferent to his serious medical needs by (1)

failing to provide adequate care for his HIV infection and (2) declining to assign him to a lower bunk due to neuropathy in his lower extremities.

The undisputed facts in this record fail to demonstrate defendants' deliberate indifference to plaintiff's serious medical needs. Dr. Charles Sidberry, the Medical Director at the Williamson County Jail during plaintiff's confinement, has testified by affidavit that plaintiff was booked into the Williamson County Jail on September 15, 2009 (Docket Entry No. 73-2 at 3). On that date Dr. Sidberry ordered four medications, Truvada, Lexiva, Norvir and Isentress, as treatment for plaintiff's HIV condition. The plaintiff had received these medications at the Marshall County Jail, where he had been incarcerated immediately prior to his transfer to the Williamson County Jail. In addition, Dr. Sidberry placed plaintiff on an HIV/AIDS special needs individual treatment plan pursuant to which he was transported to the Comprehensive Care Clinic, a clinic specializing in the treatment of HIV patients, in Nashville on January 4, 2010, and again on February 26, 2010. All treatment recommendations of the Comprehensive Care Clinic regarding plaintiff's HIV infection were followed by Dr. Sidberry and the other medical personnel at the Williamson County Jail. In addition, plaintiff was seen and treated for a number of less serious medical complaints such as,

6

rashes, hives and warts (Docket Entry No. 73-2).

The record further indicates that on November 15, 2009, plaintiff Stevenson submitted an Inmate Request Form in which he requested to be assigned a lower bunk due to "a medical condition listed in [his] medical records."[1] (Docket Entry No. 73-4). On November 20, 2009, jail personnel replied to this request as follows: "You do not meet protocol for bottom bunk." On November 23, 2009, plaintiff Stevenson submitted a grievance form grieving the denial of a lower bunk, and asserting that he had previously been diagnosed with neuropathy in his lower extremities, causing lack of feeling and numbness. Jail personnel responded to this grievance on November 24, 2009, and stated as follows. "This is a medical issue . . . If your case does not meet their protocol you need to take this up with them. Forwarded to medical on 11-24-09." (Docket Entry No. 73-5 at 26).

In her affidavit, Nurse Candy Roberts has testified that the jail's protocol for assignment to a bottom bunk based upon a medical need required one of the following conditions: seizures, pregnancy, back surgery in last six weeks, any surgery in last two weeks, an acute injury or morbid obesity (Docket Entry No. 73-3).

---

[1] According to the affidavit testimony of Nurse Candy Roberts, plaintiff's medical records from the Regional Medical Center in Memphis, where he had been treated for HIV infection, contain no mention of a history of, or a problem with, neuropathy. (Docket Entry No. 73-3 at ¶ 9).

According to Ms. Roberts, plaintiff suffered from none of these conditions; therefore, he did not satisfy protocol to be assigned to a lower bunk based upon medical condition. Significantly, plaintiff does not claim that he suffered any injury, serious or minor, as a result of being assigned to an upper bunk. Assignment to an upper bunk in the absence of evidence that plaintiff had a serious medical need for a bottom bunk fails to demonstrate that defendants showed subjective, deliberate indifference to the plaintiff's medical needs. See Robbins v. Black, 351 Fed. Appx 58, 2009 WL 3583621 (6th Cir. Nov. 3, 2009).

For the reasons stated above, the undersigned Magistrate Judge finds that there is no genuine dispute as to any material fact and that the defendants are entitled to judgment as a matter of law on plaintiff's Section 1983 claims.

Plaintiff's medical malpractice claim. Defendant Southern Health Partners, Inc. has also filed its motion to dismiss any Tennessee State law medical malpractice claim for failure to provide the presuit notice required by Tennessee Code Annotated § 29-26-121 (Docket Entry No. 57). The subject Tennessee statute requires that any person asserting a potential claim for medical malpractice shall give written notice of the potential claim to each health care provider to be named as a defendant at least sixty days before the filing of a complaint in any court. The record in this case fails to indicate that plaintiff Stevenson provided the

required notice to defendant Southern Health Partners, Inc. before he filed his complaint.

Subject-matter jurisdiction of this case in this Court is based upon the existence of a federal question pursuant to 28 U.S.C. § 1331. If plaintiff's claims arising under 42 U.S.C. § 1983 are dismissed, a basis for subject-matter jurisdiction in this Court will no longer exist. Accordingly, the undersigned Magistrate Judge recommends that, if the Court accepts this recommendation and dismisses plaintiff's Section 1983 claims on summary judgment, the Court should also dismiss any state law claims, including one for medical malpractice, for lack of jurisdiction.

## **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the motions for summary judgment by defendants Long and Southern Health Partners (Docket Entry Nos. 60 and 73) be **GRANTED** and that plaintiff's federal claims against these defendants be **DISMISSED**. The undersigned Magistrate Judge also **RECOMMENDS** that any remaining state law claims against defendant Southern Health Partners, Inc. be **DISMISSED** for lack of jurisdiction.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this

9

Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'q denied, 474 U.S. 1111 (1986).

**ENTERED** this 18th day of January 2011.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge